586 P.2d 1292

**Jerry L. HAGGARD and Phelps Dodge Corporation, Appellants,**

v.

**STATE of Arizona, ex rel., Andrew L. BETTWY, State Land Commissioner, Harold S. Nelson, Clyde R. Caviness, Dorothy M. Downs, Carl T. Sandberg, James B. Lindsay and Occidental Minerals Corporation, Appellees.**

**Harold S. NELSON, Clyde R. Caviness, Dorothy M. Downs, James B. Lindsay and Occidental Minerals Corporation, Cross Appellants,**

v.

**STATE of Arizona, ex rel., Andrew L. BETTWY, State Land Commissioner, Jerry L. Haggard and Phelps Dodge Corporation, Cross Appellees.**

No. 2 CA–CIV 2785.

Court of Appeals of Arizona, Division 2.

July 12, 1978.

Rehearing Denied Sept. 11, 1978.

Review Denied Oct. 11, 1978.

Verity, Smith & Kearns, P. C. by Leo N. Smith and Larry D. Clark, Tucson, for appellees Nelson, Caviness, Downs, Sandberg, Lindsay and Occidental Minerals Corp.

## OPINION

RICHMOND, Chief Judge.

In an appeal to superior court pursuant to A.R.S. §§ 37–134 and 37–214(D) and (E) from certain orders of the state land commissioner, appellants challenged the validity of applications filed by appellees Harold S. Nelson, Clyde R. Caviness, Dorothy M. Downs, Carl T. Sandberg, and James B. Lindsay for mineral exploration permits on state land. The basis of appellants' challenge was that the applications were filed as part of a scheme designed to create an unfair advantage for appellee Occidental Minerals Corporation over other competing applicants.

Nelson, Caviness, Downs, Sandberg, Lindsay, and Occidental commenced a similar appeal in superior court, attacking the applications filed by appellant Jerry L. Haggard as attorney-in-fact for appellant Phelps Dodge Corporation for mineral exploration permits on the same land, on the ground that Haggard and Phelps Dodge had permitted previous permits to expire by failing to undertake the exploration or to make the payment to the state land department specified in A.R.S. § 27–252(A)(5).

The appeals were consolidated and the matter submitted on stipulated facts and depositions. The trial court upheld the orders of the state land commissioner. By appeal and cross-appeal, the various plaintiffs in the consolidated actions now attack those portions of the judgment that are adverse to their respective positions in the trial court.

Application for mineral exploration permits, also called prospecting permits, is governed by A.R.S. § 27–251, which states, in pertinent part, that "any citizen . . . , partnership or association of citizens, or a corporation . . . may apply . . . for a mineral exploration permit on the state land . . . ." The statute sets

Evans, Kitchel & Jenckes, P. C. by Newman R. Porter and Amy R. Coy, Phoenix, for appellants.

forth the requirements of the application and the filing fee and provides that, when filed, each application "shall be stamped by the department with the time and date it is filed" and "shall have priority over any other application . . . which may be filed with the department subsequent to such time and date . . . ."

The applications in question were for permits on four sections of state land for which Phelps Dodge, through its agent, Haggard, held prospecting permits expiring June 24, 1976. When the state land department office opened at 8 a. m. on that date, applications for permits on each of those sections were filed simultaneously by Haggard for Phelps Dodge, Downs for Occidental, and Nelson, Caviness, Sandberg, and Lindsay. In accordance with department regulations establishing the procedure for determining priority in cases of simultaneous application, a public drawing was held on July 20, 1976. As a result, on July 26 the commissioner issued four orders declaring the first priorities among the conflicting applications as to the four sections in Haggard, Nelson, Caviness, and Lindsay, respectively.

Downs was employed as a legal secretary and Nelson as a summer law clerk by the firm of Verity, Smith, Lacy, Allen & Kearns, P. C., which represented Occidental in Arizona. Caviness and Sandberg both served as consultants to Occidental, and subsequent to the time of filing the applications Lindsay, a personal friend of an Occidental vice-president, also served Occidental in a consulting capacity. None of them was an employee of Occidental, however. Downs was instructed by her employer to file her applications on behalf of Occidental. Each of the others was advised by some person acting for and on behalf of Occidental of the company's interest in obtaining prospecting permits on the land. Otherwise, none of them would have filed applications, and they expressed no interest in prospecting for their own accounts. Each received some assistance from the Verity firm in preparing the applications, and each, except Caviness, was reimbursed by Occidental for the time, expenses, and filing fees involved.

The trial court found, from credible evidence, that there was no agreement, either explicit or implicit, between Nelson, Caviness, Sandberg or Lindsay on the one hand and Occidental on the other regarding conveyance or assignment of prospecting permits to Occidental in the event any of those applicants was successful in acquiring a permit, and that, at most, Occidental had only a "hope" that it would be able to negotiate successfully with any of them in that event. The court concluded that the controlling Arizona statutes and regulations do not prohibit a party like Occidental from advancing filing fees and expenses to prospective competing applicants if there exists no obligation or agreement between them regarding the subsequent assignment or conveyance of a prospecting permit, and that Nelson, Caviness, Sandberg, and Lindsay all were qualified to receive prospecting permits under the circumstances.

The court also concluded that A.R.S. §§ 27–252 and 27–253 do not prohibit the holder of a prospecting permit, like Haggard for Phelps Dodge, from allowing his permit to expire through the failure to perform the required work or to make in lieu payments to the state land department, and then to file for a new permit on the same lands upon expiration of the permit.

Inasmuch as the record contains substantial evidence supporting the trial court's finding that Nelson, Caviness, Sandberg, and Lindsay in filing their applications were under no legal obligation to Occidental, the question on the appeal by Haggard and Phelps Dodge is reduced to whether the various relationships among the parties nevertheless violate the legislative intent manifested in A.R.S. § 27–251.

In the absence of any cases interpreting the statute, appellants rely on *McKay v. Wahlenmaier*, 96 U.S.App.D.C. 313, 226 F.2d 35 (1955), and several reported decisions of the Interior Department under the Mineral Leasing Act, 30 U.S.C. § 181 et seq., relating to the issuance of federal oil and gas leases. We find those cases unpersuasive, not only because they involve a different statute and regulations, but be-

cause they are based on factual findings of either indirect overlapping interests or collusion on the part of the applicants, both of which are negated here by the trial court's finding.

We do not agree, however, that the absence of any legal obligation to Occidental is determinative. The facts permit only one inference: that Occidental provided information, financial assistance and legal aid to friendly applicants with the expectation that some if not all of the permits they obtained would be assigned to Occidental. Such actions, we hold, constitute a violation of the clear legislative intent to afford an equal chance of success to each applicant for a prospecting permit. Accordingly, the applications of Nelson, Caviness, Lindsay, and Sandberg were void.

As to the cross-appeal, we affirm that portion of the judgment in favor of Haggard and Phelps Dodge, based on the conclusion that they were not prohibited from filing for a new permit by allowing a previous permit to expire. A.R.S. § 27–251 does not disqualify holders of previous permits on the same land as applicants. While the challenged procedure circumvents the exploration or payment required under A.R.S. §§ 27–252 and 27–253 for obtaining up to four successive annual renewals, it does so only at the risk of encountering competing applications.

So much of the judgment as affirms the decisions and orders of the state land commissioner establishing the priority of Nelson, Caviness, Lindsay, and Sandberg over the other applicants is reversed. The judgment in other respects is affirmed.

HOWARD and HATHAWAY, JJ., concur.